## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHELLE WICKIZER,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)   11-CV-2060 KHV/GLR<br>**PORTFOLIO RECOVERY** )<br>**ASSOCIATES, INC.,** )<br>)<br>**Defendant.** ) | |

### COMPLAINT

NOW COMES the Plaintiff, MICHELLE WICKIZER, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, PORTFOLIO RECOVERY ASSOCIATES, INC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.  This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.  Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.  MICHELLE WICKIZER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Leavenworth, County of Leavenworth, State of Kansas.

5.  The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Providian.

1

6. The debt that Plaintiff allegedly owed Providian was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. PORTFOLIO RECOVERY ASSOCIATES, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Kansas. Defendant is incorporated in the State of Delaware.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about August 20, 2010, Plaintiff received a telephone call from a duly authorized representative of Defendant, who stated that Defendant was calling to collect a debt allegedly owed by Plaintiff to Providian.

15. The aforementioned telephone call was Defendant's initial communication with Plaintiff.

16. The debt on which Defendant was attempting to collect was in relation to a credit card that was allegedly opened by Plaintiff.

17. The debt on which Defendant was attempting to collect was in relation to a credit card that was allegedly opened in 2001.

18. During the course of the aforementioned telephone call, Defendant informed Plaintiff that the debt on which it was calling to collect was in relation to a credit card that Plaintiff had opened in 2001.

19. In August 2010, during a telephone conversation between Plaintiff and Defendant, Plaintiff asked Defendant if it could provide her with written documentation relative to the debt on which it was attempting to collect.

20. In response, Defendant stated that if Plaintiff wanted to obtain documentation regarding the debt then Plaintiff had to contact the original creditor for the credit card that she had obtained.

21. During the course of the aforementioned telephone call, Defendant did not apprise Plaintiff of her right to dispute the debt on which it was attempting to collect.

22. During the course of the aforementioned telephone call, Defendant did not apprise Plaintiff of her right to obtain documentation from Defendant to verify the debt on which it was attempting to collect.

23. Defendant's statement that Plaintiff had to contact the original creditor of the debt on which Defendant was attempting to collect in order to obtain documentation relative to the debt was false, deceptive and/or misleading given that Defendant would have been required to provide Plaintiff with such documentation if Plaintiff sent a timely written request to Defendant requesting said documentation.

24. Defendant's statement that Plaintiff had to contact the original creditor of the debt on which Defendant was attempting to collect in order to obtain documentation relative to the debt misrepresented Plaintiff's rights to obtain validation of the debt on which Defendant was attempting to collect.

25. Defendant's statements, as delineated above, had the effect of conveying to an unsophisticated consumer that it was Plaintiff's responsibility to contact the original creditor so that she could obtain documentation relative to the debt she allegedly owed.

26. In or around August 2010, due to Defendant's statements, as delineated above, Plaintiff contacted Providian in an attempt to obtain information relative to the debt on which Defendant was attempting to collect.

27. In response to Plaintiff's attempt to obtain information from Providian relative to debt, Providian informed Plaintiff that it could not provide her with any information because the debt was "too old."

4

28. From in or around August 2010 through in or around December 2010, and on multiple occasions therein, Defendant initiated multiple telephone calls to Plaintiff in an attempt to collect the debt she allegedly owed.

29. During the course of the aforementioned time period, and on multiple occasions therein, Defendant initiated multiple automated telephone calls to Plaintiff.

30. At no time during the course of the aforementioned telephone calls to Plaintiff did Defendant provide information relative to its individual caller's identity.

31. On or about November 21, 2010, during a telephone call between Plaintiff and Defendant, Defendant told Plaintiff that her credit report would be impacted unless she paid the debt that she owed.

32. Defendant's statement, as delineated above, had the effect of conveying to an unsophisticated consumer that if Plaintiff did not pay Defendant for the debt she allegedly owed then Defendant would report the debt Plaintiff allegedly owed to the credit reporting agencies.

33. Plaintiff last made a payment towards the debt on which Defendant was attempting to collect in 2002.

34. As such, the debt Plaintiff allegedly owed could not be reported to the credit reporting agencies, after 2009m as it would be beyond the seven (7) year limitation for the reporting of such accounts pursuant to the provisions of the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq (hereinafter "FCRA").

35. At the time Defendant made the threat to report the debt to the credit reporting agencies, the debt Plaintiff allegedly owed could no longer be reported on Plaintiff's credit report pursuant to the FCRA.

36. Defendant's statement, as delineated above, was false, deceptive and/or misleading given that Defendant could not, pursuant to the FCRA, report the debt on which it was attempting to collect.

37. Defendant's statement, as delineated above, misrepresented the character, nature and/or legal status of the debt on which it was attempting to collect given that Defendant could not, pursuant to the FCRA, report the debt on which it was attempting to collect.

38. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

39. In its attempts to collect the debt allegedly owed by Plaintiff to Providian, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   b. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

   c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   d. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   e. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   f. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

    g. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    h. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    i. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

    j. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

40. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

41. Plaintiff hereby demands a trial by jury on all issues so triable.

42. The Plaintiff, MICHELLE WICKIZER, by and through her attorneys, Larry P. Smith & Associates, Ltd., hereby respectfully requests that the trial of this matter proceed in Kansas City.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MICHELLE WICKIZER, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

    Respectfully submitted,
    **MICHELLE WICKIZER**

    By: <u>s/ D. Matthew Durgin</u>
        Attorney for Plaintiff

<u>Dated: January 31, 2011</u>

D. Matthew Durgin (Atty. No.: 21557)
LARRY P. SMITH & ASSOCIATES, LTD.
8508 W. 90th Terrace
Overland Park, KS 66212
Telephone: (913) 908-2313
            (312) 222-9028
Facsimile: (888) 418-1277
E-Mail:    mdurgin@smithlaw.us